IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOMINICK DUBRAY, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV021 |
| | ) | |
| V. | ) | |
| | ) | |
| BRAD HANSEN, Warden Tecumseh Prison, | ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. It appears Petitioner has made five claims.

This is the second habeas petition filed Petitioner.[1] The first one was recently dismissed without prejudice for failure to comply with Rule 4 within the time set by the undersigned. That dismissal does, however, render this petition a second or successive petition requiring approval of the Court of Appeals under the provisions of 28 U.S.C. § 2244(3)(A). *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000).

With one exception, Claim 4 attacks "Trial Court Errors" but the grounds are poorly articulated and they fail to clearly state a federal claim–the federal courts do not serve to correct state trial court errors that do not violate established federal law. Claim 5 pertaining to "Actual Innocence" is not a stand-alone federal claim, but a means of avoiding procedural default. Thus, except as indicated below, these claims are dismissed with prejudice.

The foregoing leaves four claims that require a response. Condensed and summarized for clarity, those claims are:

---

[1] See 8:16-cv-00517 and filings 7-9.

Claim One: Petitioner was denied effective assistance of trial counsel for the 9 reasons set forth in Attachment A appearing at filing no. 1, CM/ECF p. 6.

Claim Two: Petitioner was denied effective assistance of appellate counsel because Petitioner's appellate attorney (1) failed to raise issues of competency and insanity or to attack trial counsel for failing to do so; (2) failed to appeal the denial of a suppression motion; (3) failed to raise the existence of biased pro prosecution witnesses; and (4) failed to attack trial counsel for lack of a zealous defense such as the failure to present lay or expert witnesses.[2]

Claim Three: Petitioner was denied due process of law as a result of prosecutorial misconduct in that: (1) the prosecutor failed to turn over exculpatory notes of several witnesses some or all of whom may have been expert witnesses; (2) the prosecutor misstated the evidence in closing argument; (3) the prosecutor forced Petitioner to appear in court in leg shackles in front of the jury; (4) the prosecutor failed to seek a competency hearing of Petitioner; (5) the prosecutor appeared as both a prosecutor and witness; and (6) the prosecutor failed to call Megan Reza as a witness.[3]

Claim Four: The trial court denied the Petitioner due process of law when the trial judge failed to order a competency hearing sua sponte.[4]

---

[2] In this claim, there is more hard to understand verbiage that fails to state a cognizable claim. To this extent, these "claims" are dismissed with prejudice.

[3] In this claim, there is more hard to understand verbiage that fails to state a cognizable claim. To this extent, these "claims" are dismissed with prejudice.

[4] Recall I dismissed with prejudice the remainder of Claim Four for the reasons stated in the text.

2

Liberally construed, the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition (Filing No. 1), the court preliminarily determines that Petitioner's claims, as limited above, are potentially cognizable in federal court. The other claims are dismissed with prejudice.

2. By **March 24, 2017,** Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 24, 2017:** deadline for Respondent to file state court records in support of answer or motion for summary judgment.

4. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that

3

       Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

    5.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **March 24, 2017,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 27, 2017**: check for Respondent's answer and

separate brief.

6. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 21st day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge